UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                                     Plaintiff,

         -against-

BRIAN TRAVIS,
NICHOLAS PETER VULPIS, JR.,
DAVID HARRISON BAKER,
DANIEL SCHREIBER, and
GRANITE FINANCIAL GROUP, LLC,

                                Defendants.

09 Civ. 2288 (PKC)

DEFENDANT BRIAN
TRAVIS'S ANSWER

        Defendant Brian Travis for his Answer to the Securities and Exchange Commission's (the "SEC") Complaint (the "Complaint") states:

## GENERAL DENIAL

        Except as otherwise expressly stated in Paragraphs 1 through 74 below, Mr. Travis denies each and every allegation of wrongdoing by him contained in Paragraphs 1 through 74 of the Complaint, including the headings and subheadings contained in the Complaint, and specifically denies liability to Plaintiff.  To the extent allegations are directed at co-defendants, Mr. Travis lacks knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies all such allegations.  In addition, pursuant to Federal Rule of Civil Procedure 8(b), all allegations contained in the Complaint to which no responsive pleading is required shall be deemed denied.  Where Mr. Travis uses the Complaint's terms or

characterizations of documents or events, he does so for ease of understanding only, and expressly does not adopt the Complaint's terms or characterizations as his own.

## ANSWERS TO SPECIFIC ALLEGATIONS

1.      Mr. Travis denies the allegations in Paragraph 1 to the extent they relate to him and lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 1 to the extent they relate to the other defendants.

2.      Mr. Travis denies the allegations of Paragraph 2 that refer to him.  Mr. Travis lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 2 that relate to the other defendants.

3.      Mr. Travis denies the allegations of Paragraph 3 except that he admits that he did receive certain benefits paid for by Granite, and he also admits that Granite was compensated for trades executed on behalf of JLI Asset Management LLC ("JLF").

4.      Mr. Travis denies the allegations of Paragraph 4.

5.      Mr. Travis denies the allegations of Paragraph 5.

6.      The allegations of Paragraph 6 purport to state conclusions of law as to which no response is required.

7.      The allegations of Paragraph 7 describe the relief plaintiff seeks in this litigation as to which no response is required.

8.      The allegations of Paragraph 8 purport to state conclusions of law as to which no response is required.

9.      The allegations of Paragraph 9 purport to state conclusions of law as to which no response is required.

10.     Mr. Travis admits that he has made use of the means or instrumentalities of interstate commerce, or of the mails, or the facilities of a national securities exchange, but he denies that he did so in connection with any alleged illegal acts.

11.     Mr. Travis lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 11, except that he admits that Mr. Vulpis was employed as a trader for JLF.

12.     Mr. Travis admits the allegations of Paragraph 12, except that he denies that he now resides in Barcelona, Spain, and he denies that he was responsible for clearing all of JLF's trades or that he had exclusive access to JLF's order management system.

13.     Mr. Travis lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 13.

14.     Mr. Travis lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 14 except that he admits that Granite provided brokerage services to JLF from 2003 through 2005.

15.     Mr. Travis lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 15.

16.     Mr. Travis lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 16.

17.     Mr. Travis admits Paragraph 17.

18.     Mr. Travis denies the allegations of Paragraph 18, except that he admits that Schreiber and Granite paid for certain goods and services that he used and that were used by JLF.

19.     Mr. Travis denies the allegations of Paragraph 19, except that he admits that Granite executed trades for JLF.

Case 1:09-cv-02288-PKC   Document 23   Filed 05/14/09   Page 4 of 8

20.    Mr. Travis admits the allegations of Paragraph 20.

21.    Mr. Travis lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 21, except that he admits that on occasion he received the services of a car company paid for by Granite.

22.    Mr. Travis denies the allegations of Paragraph 22, except that he admits that Granite paid for computer equipment used by employees of JLF, including Mr. Travis, in connection with their employment by JLF.

23.    Mr. Travis denies the allegations of Paragraph 23, except that he admits that Granite received commissions on trades executed on behalf of JLF.

24.    Mr. Travis lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 24.

25.    Mr. Travis denies the allegations of Paragraph 25.

26.    Mr. Travis denies the allegations of Paragraph 26, except that he admits that Baker and his broker-dealer executed trades for JLF and he also admits that Baker paid some of Mr. Travis's travel expenses.  Mr. Travis lacks knowledge or information sufficient to form a belief as to the commission rate paid to Baker's broker-dealer.

27.    Mr. Travis denies the allegations of Paragraph 27.

28.    Mr. Travis admits the allegations of Paragraph 28.

29.    Mr. Travis denies the allegations of Paragraph 29, except that he admits that he helped arrange to have Baker pay some travel expenses for an employee of JLF and her husband.

30.    Mr. Travis lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 30.

31.     Mr. Travis denies the allegations of Paragraph 31, except that he admits that JLF funds paid Baker's broker-dealer commissions for trades executed for JLF and states that he lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 31.

32.     Mr. Travis admits the allegations of Paragraph 32 that relate to him, and lacks knowledge or information sufficient to form a belief as to the allegations pertaining to Mr. Vulpis.

33.     Mr. Travis denies the allegations of Paragraph 33.

34.     Mr. Travis admits the allegations of Paragraph 34, except that he lacks knowledge or information sufficient to form a belief as to the amount of commissions received by broker-dealer B.

35.     Mr. Travis lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 35.

36.     Mr. Travis denies the allegations of Paragraph 36.

37.     Mr. Travis denies that allegations of Paragraph 37, except that he admits that many trades that were executed for JLF were done on a net basis.

38.     Mr. Travis denies the allegations of Paragraph 38, except that he admits that many trades that were executed for JLF were done on a net basis.

39.     Mr. Travis denies the allegations of Paragraph 39.

40.     Mr. Travis denies the allegations of Paragraph 40.

41.     Mr. Travis denies the allegations of Paragraph 41.

42.     Mr. Travis denies the allegations of Paragraph 42.

43.     Mr. Travis denies the allegations of Paragraph 43.

44.     Mr. Travis denies the allegations of Paragraph 44.

45.     Mr. Travis lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 45.

46.     Mr. Travis denies the allegations of Paragraph 46.

47.     Mr. Travis denies the allegations of Paragraph 47.

48.     Mr. Travis denies the allegations of Paragraph 48.

49.     The allegations of Paragraph 49 purport to state a conclusion of law as to which no response is required.

50.     Mr. Travis denies the allegations of Paragraph 50.

51.     Mr. Travis lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 51.

52.     Mr. Travis denies the allegations of Paragraph 52.

53.     Mr. Travis repeats and re-alleges Paragraphs 1 through 51 of this Answer.

54.     Mr. Travis denies the allegations of Paragraph 54.

55.     Mr. Travis denies the allegations of Paragraph 55.

56.     Mr. Travis denies the allegations of Paragraph 56.

57.     Mr. Travis repeats and re-alleges Paragraphs 1 through 51 of this Answer.

58.     Mr. Travis denies the allegations of Paragraph 58.

59.     Mr. Travis denies the allegations of Paragraph 59.

60.     Mr. Travis denies the allegations of Paragraph 60.

61.     Mr. Travis repeats and re-alleges Paragraphs 1 through 51 of this Answer.

62.     The allegations of Paragraph 62 purport to state a conclusion of law as to which no response is required.

63.  Mr. Travis denies the allegations of Paragraph 63.

64.  Mr. Travis lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 51.

65.  Mr. Travis denies the allegations of Paragraph 65.

66.  Mr. Travis denies the allegations of Paragraph 66.

67.  Mr. Travis denies the allegations of Paragraph 67.

68.  Mr. Travis repeats and re-alleges Paragraphs 1 through 51 of this Answer.

69.  The allegations of Paragraph 69 purport to state a conclusion of law as to which no response is required.

70.  Mr. Travis denies the allegations of Paragraph 70.

71.  Mr. Travis denies the allegations of Paragraph 71.

72.  Mr. Travis denies the allegations of Paragraph 72.

73.  Mr. Travis denies the allegations of Paragraph 73.

74.  Mr. Travis denies the allegations of Paragraph 74.

75.

## ANSWER TO THE PRAYER FOR RELIEF

Mr. Travis denies that the SEC is entitled to the relief requested or any other relief from Mr. Travis.

## JURY DEMAND

Mr. Travis requests trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Brian Travis respectfully requests that the Court enter judgment as a matter of law dismissing all of Plaintiff's claims with prejudice.

Dated:  New York, New York
       May 14, 2009

/s/_____
Lawrence Iason (LI 8996)
MORVILLO, ABRAMOWITZ, GRAND, IASON,
  ANELLO & BOHRER, P.C.
565 Fifth Avenue
New York, New York 10017
Tel: 212-856-9600
Fax: 212-856-9494
*Attorneys for Defendant Brian Travis*