```
┌─────────────────────────────┐
│ USDS SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____         │
│ DATE FILED: 3 -26 -/0       │
└─────────────────────────────┘
```

Cpsted/5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,  :

                              Plaintiff,  :        09 CV 2288 (PKC)

                    v.                    :

BRIAN TRAVIS,                             :        ⧧
NICHOLAS PETER VULPIS, JR.,               :
DAVID HARRISON BAKER,                     :        ─────────────────
DANIEL SCHREIBER, and                     :
GRANITE FINANCIAL GROUP, LLC,             :

                                          :
                              Defendants. :

---

### FINAL JUDGMENT AS TO DEFENDANT BRIAN TRAVIS

The Securities and Exchange Commission having filed a Complaint and Defendant Brain

Travis having entered a general appearance; consented to the Court's jurisdiction over Defendant

and the subject matter of this action; consented to entry of this Final Judgment without admitting

or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact

and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

2

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of

the Investment Advisors Act of 1940 [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], by using the mails or

any means or instrumentality of interstate commerce, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud any client or

prospective client; or

(b)     to engage in any transaction, practice, or course of business which operates

as a fraud or deceit upon any client or prospective client.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is

liable for disgorgement of $107,965, representing profits gained as a result of the conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of $35,029,

and a civil penalty in the amount of $107,965 pursuant to Section 20(d) of the Securities Act of

1933 [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act of 1934 [15 U.S.C. §

78u(d)(3)]. Defendant shall satisfy this obligation by paying pursuant to the terms of the

payment schedule set forth in paragraph V. below after entry of this Final Judgment by certified

check, bank cashier's check, or United States postal money order payable to the Securities and

3

Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Brian Travis as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

Brian Travis shall pay $250,959 in three installments according to the following schedule:  (1) $25,000, within 14 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (2) $112,979.50, within 182 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (3) $112,979.50, within 364 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961.

If Brain Travis fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

4

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 3-26-10 , _____

UNITED STATES DISTRICT JUDGE

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____**

5